## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| ANTHONY LINDER,<br><br>     Plaintiff,<br><br>v.<br><br>ENFORCERS PROTECTIVE<br>SERVICE, LLC and LANAR<br>BRISCOE,<br><br>     Defendant. | CIVIL ACTION FILE NO:<br><br>_____ |

## **COMPLAINT**

Plaintiff Anthony Linder ("Plaintiff"), on behalf of himself and other similarly situated employees, brings this action for unpaid overtime compensation and other and further relief available under the Fair Labor Standards Act, as amended, 29. U.S.C. § 216(b) (hereinafter the "FLSA"), against Enforcers Protective Service, LLC and Lanar T. Briscoe (collectively, "Defendants"), stating as follows:

1.

This is an action to recover unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and other and further relief as allowed under the FLSA. Defendants improperly classified Plaintiff and other similarly situated security

officers and/or courtesy officers as independent contractors when they were in fact Defendants' employees for purposes of the FLSA, and therefore entitled to overtime compensation for hours worked in excess of 40 hours during any given workweek.  Plaintiff and the putative class members did not receive the legally mandated overtime compensation when they worked over 40 hours per workweek.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over Plaintiff's claims under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.

Venue is proper in this Court under 28 U.S.C. § 1391 because the violations of Plaintiff's and the putative FLSA class members' rights and a substantial part of the events giving rise to the Plaintiff's and the FLSA putative class members' claims occurred within this Judicial District.

4.

This Court has personal jurisdiction over the Defendants because they transact business and/or reside in the Northern District of Georgia.

## PARTIES

### 5.

Plaintiff Anthony Linder is a resident of the State of Georgia and subjects himself to the jurisdiction of this Court.

### 6.

Defendant Enforcers Protective Service, LLC ("EPS"), is a Georgia limited liability Company that provides various levels of security personnel to its business clients, with its principal place of business located at 4361 Thorngate Lane, Acworth, Georgia, 30103.  Defendant EPS may be personally served with process through its registered agent for service of process, Lanar T. Briscoe at 4361 Thorngate Lane, Acworth, Georgia, 30103.

### 7.

Defendant Lanar T. Briscoe ("Briscoe") is the president and a principal member or owner of Defendant EPS.  Defendant Briscoe may be served personally with process at his principal place of business, 4361 Thorngate Lane, Acworth, Georgia, 30103.

## STATEMENT OF FACTS

### EPS' Business Operations

8.

Defendant EPS is advertised as the Security Arm of Blue Raven Services, LLC.   Defendant EPS contracts with commercial clients, including apartment complexes and owners or operators of other commercial buildings, for the provision of armed and unarmed security/courtesy officers to work at the commercial client locations.

9.

Defendants employed Plaintiff as a security/courtesy officer until his termination in April 2018.

10.

Defendant EPS' security/courtesy officers observe and report suspicious activity, render immediate security care when necessary, escort clients to vehicles, and perform other security-related duties based on the commercial clients' business needs.

11.

Defendant EPS' security/courtesy officers may work at multiple client locations during any given shift while performing services on behalf of

Defendants, and travel to and between EPS' client locations during such shifts.

12.

Defendant EPS was an "enterprise engaged in commerce" as defined in 29 U.S.C. §§ 203(s) and 207(a)(1) during the time that Plaintiff and the FLSA putative class members worked for Defendants.

13.

Defendant EPS had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A) during the time that Plaintiff and the FLSA putative class members worked for Defendants.

14.

Defendant EPS had two or more "employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. § 203(s)(1)(A) during the time that Plaintiff and the FLSA putative class members worked for Defendants.

15.

Defendant EPS' annual dollar volume of sales of business transactions exceeded $500,000.00 per year during the time that Plaintiff and the FLSA putative class members worked for Defendants.

16.

Defendant Briscoe is the owner and, upon information and belief, president and principal member of Defendant EPS.

17.

Defendant Briscoe exercised supervisory authority over Plaintiff and the FLSA putative class during the relevant period.

18.

Defendant Briscoe exercised authority and supervision over Plaintiff's and the FLSA putative class members' compensation and set or established compensation plans with respect to security/courtesy officers employed by EPS.

19.

At all relevant times, Defendants were Plaintiff's and the FLSA putative class members' employers for purposes of the FLSA.

20.

At all times relevant to this suit, Plaintiff and the FLSA putative class member security/courtesy officers were not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

**Defendants Misclassify Security/Courtesy Officers
As Independent Contractors**

21.

This putative collective action challenges Defendants' uniform policy of classifying those security/courtesy officers they employed as independent contractors.

22.

Defendants improperly, wrongfully, and illegally classified Plaintiff and the FLSA putative class of security/courtesy officers as independent contractors when the economic reality of the position is that of an employed for the purposes of the FLSA and other state and federal laws.

23.

Security/courtesy officers, including Plaintiff, performed work that is integral to Defendants' business operations.   Indeed, the sole business of Defendant EPS is providing security/courtesy officers to its clients.

24.

Defendants retain the right of control and, in fact, actually control or controlled the work of the security/courtesy officers.

25.

Defendant paid security/courtesy officers, including Plaintiff, fixed hourly

- 7 -

rates for all hours worked on behalf of Defendants.

26.

Security/courtesy officers, including Plaintiff, submitted time sheets or invoices to Defendants in order to be paid the fixed hourly rates for all hours worked on behalf of Defendants.

27.

Security/courtesy officers, including Plaintiff, were not able to negotiate the fixed hourly rates they were paid by EPS.  Attempts to negotiate the hourly rate(s) often resulted in the dismissal of security/courtesy officers from EPS by Defendant Briscoe.

28.

Defendants required security/courtesy officers to undergo specific security training in order to work at EPS. This training was conducted by Blue Raven Services, LLC, which holds EPS out as the "security arm" of Blue Raven Services.

29.

Security/courtesy officers, including Plaintiff, were required to maintain necessary state licensures through Defendant EPS.

30.

Defendants required security/courtesy officers, including Plaintiff, to adhere

to specific schedules and to report to specific client locations during their shifts. They reported where and when they were directed.

31.

Security/courtesy officers, including Plaintiff, were not in business for themselves but were economically dependent upon Defendants for their livelihood.

32.

Security/courtesy officers, including Plaintiff, did not execute independent contractor agreements with Defendants.

33.

Security/courtesy officers, including Plaintiff, did not procure any business-related insurance necessary to perform their job duties on behalf of Defendants.

34.

Defendants provided security/courtesy officers with the tools, equipment and supplies needed to perform their jobs.  These included boots, pants, shirts with EPS' logo, vests, radios, etc.

35.

Security/courtesy officers conversely did not make significant investments in the tools, equipment and supplies required to perform their jobs at EPS' client locations on behalf of Defendants.

36.

Security/courtesy officers, including Plaintiff, could not exercise discretion or business judgment in order to maximize their profits or minimize their losses in connection with the performance of their duties on behalf of Defendants.   For example, security/courtesy officers could not subcontract out their work or hire employees on their own behalf to perform their job duties for Defendants.

37.

Defendants negotiate the contracts for security personnel directly with their clients without input or direction from security/courtesy officers.

38.

Defendants refer to security/courtesy officers as their employees when communicating with Defendants' clients.

39.

Security/courtesy officers routinely and regularly work(ed) in excess of 40 hours per workweek but, as a result of their misclassification as independent contractors, Defendants did not pay overtime compensation to Plaintiff or the FLSA putative class members as required by the FLSA.

40.

Plaintiff and the FLSA putative class members were paid straight time for all

hours worked regardless of whether they worked more than 40 hours in a workweek.

41.

For example, Plaintiff regularly worked between 55 and 70 hours per work week but did not receive any overtime premium compensation.

42.

Plaintiff and the FLSA putative class members are/were not paid a minimum guaranteed salary, but were paid hourly and only for those hours actually billed or invoiced.

**Collective Action Allegations**

43.

Plaintiff submits that there are similarly situated security/courtesy officers to him who were denied overtime wages and who wish to join this action.

44.

Upon information and belief, the FLSA putative class of security/courtesy officers during the relevant collective period exceeds one hundred (100) employees.

45.

Plaintiff and all other similarly situated security/courtesy officers preform(ed) similar work on behalf of Defendants.

46.

Security/courtesy officers do not supervise two (2) or more full time employees and, thus, cannot meet the Executive Exemption.

47.

The primary job duties of security/courtesy officers do not involve the exercise of independent discretion and judgment in matters of significance related to Defendants' business.  Thus, they cannot meet the Administrative Exemption.

48.

Defendants know now, and have known for the past three (3) years, that security/courtesy officers are not properly classified and do not meet or satisfy any exemption under the FLSA and, therefore are entitled to overtime wages or a premium for all hours worked over 40 in a workweek.

49.

Defendants misclassified security/courtesy officers, including Plaintiff, as independent contractors to avoid paying overtime wages as required by 29 U.S.C. §§ 201-209 of the FLSA.

50.

By misclassifying security/courtesy officers, including Plaintiff, Defendants avoided withholding employment taxes from their earnings as legally required to do under the provisions of the Internal Revenue Code and Georgia state law.

51.

Defendants' purpose in misclassifying security/courtesy officers, including Plaintiff, as independent contractors rather than employees was to reduce labor costs by avoiding the expenses associated with classifying them as employees.

52.

Plaintiff brings this suit on behalf of himself and all other similarly situated employees and propose the following FLSA putative class description(s):

> All persons employed by Defendants as security officers or courtesy officers and who were classified by Defendants as independent contractors any time within three (3) years of the filing of this Complaint or who are currently employed by Defendant(s).

## COUNT I:

53.

All previous paragraphs are incorporated as though fully set forth herein.

54.

The FLSA requires that covered employees be compensated for all hours worked in excess of 40 hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. See 29 U.S.C. § 207(a)(1).

55.

The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

56.

Defendants are subject to the FLSA because Defendants are "employers" under 29 U.S.C. § 203(d).

57.

During all relevant times, Plaintiff and the FLSA putative class members were covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

58.

Plaintiff and the FLSA putative class members are not exempt from the requirements of the FLSA.

59.

Plaintiff and the FLSA putative class members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

60.

Defendants, pursuant to their policies and practices, unlawfully failed and refused to pay overtime premiums to Plaintiff and the FLSA putative class members for all their overtime hours worked by misclassifying them as independent contractors.

61.

Defendants knowingly failed to compensate Plaintiff and the FLSA putative class members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of 40 hours per week, in violation of 29 U.S.C. § 207(a)(1).

62.

In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

63.

In violating FLSA, on information and belief, Defendant did not have any

good faith basis to rely on any legal opinion or advice to the contrary.

64.

Such failure to pay overtime wages in violation of the FLSA damaged Plaintiff and the FLSA putative class members in an amount to be proven at trial on this matter, and Plaintiffs and the FLSA Collective are entitled to liquidated damages, attorneys' fees, costs and expenses in accordance with 29 U.S. Code § 216(b).

## COUNT II

65.

All previous paragraphs are incorporated as though fully set forth herein.

66.

Pursuant to 26 U.S.C. § 7434, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return."

67.

Defendants misclassified Plaintiff and the FLSA putative class members as independent contractors.

68.

Defendants issued informational return Forms 1099 MISC directly to the IRS on behalf of Plaintiff and the FLSA putative class members.

69.

The informational returns falsely misclassified Plaintiff and the FLSA putative class members as independent contractors when in reality they were employees.

70.

Defendants are liable to the misclassified Plaintiff and FLSA putative class members for statutory damages and any other actual damages resulting from additional tax debts or deficiencies caused by Defendants' misclassification of them.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff requests that this Court enter the following relief:

a.  Certify a collective action pursuant to 29 U.S.C. 216(b) and authorize the issuance of notice to similarly-situated security/courtesy officers;

b.  Award unpaid overtime compensation;

c.  Award liquidated damages under the FLSA;

d.  Award all interest, costs and attorneys' fees incurred prosecuting this claim;

e.  Grant a trial by jury on all issues properly submitted to a jury; and

f.  Award such other relief as in law or equity may be warranted.

Respectfully submitted this the 23rd day of August 2018.

*/s/ M. Travis Foust*
M. Travis Foust
Georgia Bar No. 104996
tfoust@pcwlawfirm.com

**PARKS, CHESIN & WALBERT, P.C.**
75 Fourteenth Street, 26th Floor
Atlanta, GA  30309
(404) 873-8000 Telephone
(404) 873-8050 Facsimile

*Counsel for Plaintiff*